UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30360
Summary Calendar
_____


Reggie Ann Wyatt

                                        Plaintiff - Appellant

                        versus

Wal-Mart Stores, Inc.

                                        Defendant - Appellee

_____

Appeal from the United States District Court for the
Western District of Louisiana
Shreveport Division
(95-CV-0422)
_____

September 13, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

     This case brings before us a claim that the district court
abused its discretion in refusing to hold an evidentiary hearing to
investigate allegations of juror misconduct.

                              I.

_____

[*]  Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

On March 8, 1995, Reggie Anne Wyatt ("Wyatt") filed this personal injury lawsuit in federal district court against Wal-Mart Stores, Inc. ("Wal-Mart").[1]  After trial, a jury returned a verdict in Wyatt's favor.  The jury awarded Wyatt $10,000 in damages for bodily injury, including physical and mental pain and suffering, disability, and loss of enjoyment of life.  The jury also awarded Wyatt $8,072 in damages for medical expenses in the past, present, and future.  Based on this verdict, the district court entered judgment in Wyatt's favor.

After judgment was entered, Wyatt discovered that one of the jurors in the case, Mary Elizabeth Murphree ("Murphree"), had been a childhood friend of Wyatt's daughter Lydia Anne Wyatt ("Lydia"). Lydia signed an affidavit declaring that she and Murphree were friends in junior high and high school.  Lydia claimed that during the course of this friendship Murphree attended a party at the Wyatt house, spent a night at the house, and met her mother on several occasions.  According to Lydia, her friendship with Murphree ended on bad terms.[2]

During voir dire, the court asked prospective jurors whether

_____

[1] Wal-Mart removed the case from state court pursuant to 28 U.S.C. § 1332 and §§ 1441(A) and (B).

[2] Wyatt also claims that as a result of this friendship, Murphree had personal knowledge about events occurring during Wyatt's lifetime that could have dramatically affected her ability to impartially judge the evidence presented in the case. Specifically, Wyatt was involved in the death of her third husband and the event received considerable publicity in the area.  No charges were filed.

or not they knew the plaintiff.  Murphree said that she did not.
Murphree also stated that she did not know of any reason why she
could not be a fair and just juror in the case.

Wyatt filed a motion for a new trial in the district court
claiming that Murphree's failure to disclose her alleged
relationship with Wyatt and Lydia compromised the integrity of the
jury selection process and the principle of a fair and impartial
jury.  In the alternative, Wyatt requested that an evidentiary
hearing be conducted in order to question Murphree and otherwise
explore this issue.  In a Memorandum Ruling, the district court
denied Wyatt's motion and refused her request to hold an
evidentiary hearing.  This appeal followed.

II.

In McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548,
549, 104 S.Ct. 845, 78 L.Ed.2d (1984), the United States Supreme
Court held that a party is not entitled to a new trial unless a
juror's failure to disclose denied that party its right to an
impartial jury.  The Court noted that a mistaken response to a
question by a juror was not sufficient to invalidate the result of
a trial.  *Id.* at 555.  *See also* United States v. Ortiz, 942 F.2d
903, 909 (5th Cir. 1991), *cert. denied*, 504 U.S. 985, 112 S.Ct.
2966, 119 L.Ed.2d 587 (1992).  Instead, the Court adopted the
following standard:

> We hold that to obtain a new trial in such a situation,
> a party must first demonstrate that a juror failed to

3

answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause. McDonough Power Equipment, *supra*, 464 U.S. at 556.

The Supreme Court noted that in the proceedings below, the court of appeals had addressed the merits of the appellant's jury bias claim rather than send the case back to the district court for a hearing. *Id.* at 551 n.3. The Court suggested, however, that "the proper resolution of the legal issue should be made by the District Court." *Id.* The Court went on to say that "[w]hile considerations of judicial economy might have motivated the Court of Appeals in this case to proceed directly to the issue of the effect of [the juror's] non-disclosure, in cases in which a party is asserting a ground for new trial, the normal procedure is to remand such issues to the district court for resolution. . . . Appellate tribunals are poor substitutes for trial courts for developing a record or resolving factual controversies."[3] *Id.*

In Vezina v. Theriot Marine Service, Inc., 554 F.2d 654, 655 (5th Cir. 1977), the appellant sought a new trial and a hearing

---

[3] While McDonough Power Equipment was decided by a badly fragmented Court, the justices were in substantial agreement on this point. *See id.* at 556-57 (Blackmun, Stevens, and O'Connor J.J., concurring) ("[I]t remains within a trial court's option, in determining whether a jury was biased, to order a post-trial hearing at which the movant has the opportunity to demonstrate actual bias or, in exceptional circumstances, that the facts are such that bias is to be inferred"); *id.* at 557 (Brennan and Marshall, J.J., concurring) ("[T]he Court of Appeals compounded [its] error by failing to remand the case to the District Court for a hearing and decision on the motion for new trial in the first instance").

4

concerning the alleged misconduct of a juror. The appellant alleged that a juror failed to disclose at voir dire that she and her husband had a $500,000 personal injury suit pending against them. The appellant also claimed that the juror, who was selected foreperson of the jury, told other jurors of this pending suit and expressed distaste for personal injury claims. The district court denied the appellant's motion for a new trial and refused to hold an evidentiary hearing.

This court pointed out that the evidence was clear that the juror was involved in pending litigation against her and her husband. *Id.* at 656. We noted that the juror failed to disclose this information despite general questioning regarding potential bias and despite the disclosures by several other jurors of involvement in accident cases in the past. We acknowledged, however, that there was no proof that the juror made the comments attributed to her by the appellant or that other jurors were prejudiced thereby because no evidentiary hearing on the subject was held. We remanded the case to the district court concluding that "[t]he issues of alleged juror misconduct and the possible prejudicial effect thereof could have been resolved by an evidentiary hearing in the District Court."[4] *See also* Coburn v.

---

[4] On remand and after a full evidentiary hearing, the district court denied the plaintiff's motion for a new trial and determined that "the jury verdict was fair and free from prejudice." Vezina v. Theriot Marine Service, Inc., 610 F.2d 251, 251 (5th Cir. 1980). We affirmed the district court's decision concluding that the

Browning Arms Company, 565 F.Supp. 742, 753 (W.D.La. 1983); Sandford v. Kostmayer Construction Company, 891 F.Supp. 1201, 1206 (E.D.La. 1995).

                                III.

At this stage of the proceedings, this court simply does not know if Murphree answered the voir dire questions posed to her correctly, mistakenly but honestly, or whether she lied. Therefore, we are not in a position to determine whether Murphree failed to answer honestly a material question on voir dire. McDonough Power Equipment, *supra*, 464 U.S. at 556. Furthermore, the district court has not addressed whether it would have dismissed Murphree for cause if she had given a response corresponding to Wyatt's allegations. *Id.* We decline to speculate as to how the district court would resolve this issue.

This appeal presents factual controversies that we are in a poor position to resolve absent an evidentiary hearing. *Id.* at 551 n.3. Wyatt has established a prima facie case under McDonough because she has presented evidence alleging that Murphree knew Wyatt and was biased against her. Wyatt should have been given an opportunity to prove her allegations in an evidentiary hearing before the district court. Vezina, *supra*, 554 F.2d at 656. We therefore remand this case for that purpose.

---

district court did not abuse its discretion. *Id.*

6

Because of our resolution of this issue, we do not address whether the district court abused its discretion in denying Wyatt's motion for a new trial or whether the jury's award of general damages was sufficient to compensate Wyatt for her injuries.

The judgment of the district court is VACATED. The matter is REMANDED to the district court for further proceedings consistent with this opinion.